**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-62682-KUNTZ**

**NAHOMY URIARTE ALVAREZ,**

Petitioner,
v.

**WARDEN OF BROWARD TRANSITION CENTER**, *et al.*

Respondents.
_____________________________________/

**ORDER DENYING HABEAS CORPUS**

**THIS CAUSE** comes before the Court on Petitioner Nahomy Uriarte Alvarez's Petition for Writ of Habeas Corpus ("Petition") [ECF 1]. Petitioner is a native an citizen of Nicaragua [ECF 6 at 2]. Petitioner entered the United States on parole at the Miami International Airport on July 19, 2023. *Id.* This parole expired either on June 12, 2025, or July 17, 2025. *Compare id. with* ECF 1 at 2. Petitioner got married on October 18, 2023, and filed a Petition for Alien Relative on January 12, 2024 [ECF 1 at 3]. Petitioner subsequently filed a I-485, Application to Register Permanent Residence or Adjust Status on October 28, 2024. *Id.* Border Patrol Agents detained Petitioner on September 12, 2026 [ECF 6 at 2]. On September 15, 2026, Immigrations and Customs Enforcement ("ICE") took possession of Petitioner and issued a Notice To Appear. *Id.* Petitioner had her first hearing before an immigration judge on September 24, 2026, and has another on November 5, 2026. *Id.* Petitioner filed the

Petition on September 23, 2026 [ECF 1]. For the reasons that follow, the Petition is **DENIED WITHOUT PREJUDICE**.

Petitioner raises two counts to support the Petition. First, Petitioner argues that her detention violates the Fifth Amendment Right to Due Process [ECF 1 at 7]. Second, Petitioner argues her detention violates the Immigration and Nationality Act as codified at 8 U.S.C. § 1226. *Id.*

Petitioner's detention does not violate the Fifth Amendment. Petitioner invokes *Zadvydas v. Davis*, 533 U.S. 678 (2001), for the proposition that the Fifth Amendments bars indefinite detention for all "persons," including aliens [ECF 1 at 7]. Petitioner also raises *Matthews v. Eldridge*, 424 U.S. 319 (1976) to support her claim. *Id. Zadvydas* does stand for the proposition that indefinite detention is not permitted; however, a temporary detention to determine pertinent facts, such as if the alien is a flight risk, is permissible. *See Demore v. Kim*, 538 U.S. 510 (2003). Petitioner's detention of approximately one month has not approached *Demore*'s six-month limitation. Further, while *Matthews* speaks to balancing the private interest against the Government's interest with consideration for risk of error, Petitioner is detained pursuant to 8 U.S.C. § 1225(b), which requires detention. *See* ECF 6 at 1; 8 U.S.C. § 1225(b). This mandatory detention is not subject to an "implicit limit on time[.]" *Jennings v. Rodriguez*, 583 U.S. 281, 297-98 (2018).

Petitioner's detention does not violate the Immigration and Nationality Act. Petitioner's chief argument is that 8 C.F.R. 214.1(c)(4) allows for a stay of proceedings due to the timely filing of her I-485 [ECF 1 at 9]. At the outset, the mandatory

detention in 8 U.S.C. § 1225 supersedes any regulation. However, looking broadly, Petitioner's detention complies with the Immigration and Nationality Act. When parole ends, the alien returns to the status he had upon the granting of parole. 8 C.F.R. § 1001.1(q) ("An arriving alien remains an arriving alien even if paroled"). 8 U.S.C. § 1225(b)(2)(A) and *Hernandez Alvarez v. Warden, Federal Detention Center, Miami*, 175 F.4th 1258 (11th Cir. 2026), state that arriving aliens seeking admission must be detained unless they are entitled to be admitted beyond a reasonable doubt. Petitioner was an arriving alien who was paroled into the United States upon arrival [ECF 6 at 2]. Upon expiration of that parole, Petitioner returned to that status. Because there is reasonable doubt that she is entitled to admission, detention is not merely appropriate, but required. Therefore, it is hereby

**ORDERED AND ADJUDGED** that the Petition [ECF 1] is **DENIED.** All pending deadlines are **TERMINATED**, and any pending motions are **DENIED as moot**. The Clerk is directed to **CLOSE** this case.

DONE in Fort Lauderdale, Florida, on this 19th day of October 2026.

JEFFREY T. KUNTZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record